### WARD v. WORTHINGTON, et.

Ohio Appeals, 1st Dist., Butler Co.

W. C. Shepherd, Harry S. Wonnell and M. O. Burns, Hamilton, for Ward.

Shotts & Millikin, Hamilton, and Howard H. Delp, Dayton, for Worthington.

MILLS, J.

**CORPORATIONS.**

(160 C2) Where churches entered into consolidation agreement, which was ratified at combined congregational meeting, pursuant to Section 10005 GC., individual church ceased to exist from date of meeting, under Sect. 10007, and filing of agreement was mere ministerial act, postponement of which did not prolong life of individual church corporation, under Section 10006 providing for filing of agreement.

(160 C2) Where consolidation agreement between churches was ratified by combined congregational meeting, pursuant to Sections 10005 and 10007 GC., prior to death of testatrix devising interest in property to church, devise did not vest in church, since church had ceased to exist at time of testatrix's death.

**DECEDENTS' ESTATES.**

(220 Wa) In construction of will, intention of testator, as gathered from whole will, must control, when such intention is not in conflict with law or against public policy.

(220 Wa) Will devising residence to niece for life, and thereafter to church for parsonage, on condition that certain portraits be kept in their proper place, and residue of estate to church and children's home, held not to indicate general charitable intent, in view of provision relating to family portraits.

(220 T) Where trust created by will of interest in land for church was void for nonexistence of church corporation at time of testatrix's death and property was sold, so that intent to impress trust on land could not be enforced without altering testatrix's purpose, and will did not show general charitable intent, interest in realty became part of general estate, subject to payment of legacies, in view of provision for sale of all realty to pay legacies, and did not pass to residuary beneficiary.

(220 Wa) Technical rules of interpretation may be resorted to as aids to construction of will, but they cannot control, if they are in conflict with apparent intention of testator.

(Hamilton, PJ., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### CLEVE. RY. CO. v. McCOY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Day, Corrigan & Day, Cleveland, for McCoy.

VICKERY, J.

**TRIAL.**

(590 Cb1) In case an error in instruction is an error of commission, it is not necessary to call court's attention to it particularly, a general exception being sufficient; but, in case it constitutes an error of omission, it is necessary that request for further instructions be asked, with suggestion to court as to what instruction should include.

(590 Ch) A charge of court on contributory negligence must be a complete charge, showing both what the duty of plaintiff is respecting the burden of proof and what the duty of defendant is in respect to burden of contributory negligence.

**NEGLIGENCE.**

(370 C3) In action for injuries claimed to have resulted from negligent act of street railway employees, charge as to contributory negligence, requiring defendant to convince jury that plaintiff's negligence contributed to injury, held erroneous as against general exception, being an error of commission.

(Sullivan, PJ., concurs. Levine, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### GOULD v. GERKIN.

Ohio Appeals, 6th Dist., Lucas Co.

Tyler, McMahon, Smith & Wilson and P. R. Taylor, Toledo, for Gould.

Fraser, Hiett, Wall & Effler, Toledo, for Gerkin.

RICHARDS, J.

**CONTRACTS.**

(150 F2) Statement that binding post for radios manufactured by corporation was not patentable was matter of opinion and falsity of representation would not afford ground for avoiding contract of sale of corporate stock.

**FRAUD.**

(275 D) Representation that purchaser of corporate stock would continue to be free to manufacture device manufactured by corporation was a representation as to future events, and, if false, would not lay foundation for an action for misrepresentation.

(275 P) Representation to purchaser of corporate stock that binding post for radio sets manufactured by corporation was not patentable was not disproved by proof of issuance of patent to third person for an improvement in binding post.

**GUARANTY.**

(280 W2) Guaranty of payment of account is broken, and cause of action arises for breach, if account is not paid within reasonable time after it becomes due and payable.

**TRIAL.**

(590 V2b) Court of Appeals cannot increase amount awarded in court of Common Pleas, though it finds trial court should have rendered larger judgment.

(Lloyd, J., concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.